UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN C. FAHNER, Estate of,
by SHIRLEY FAHNER,
As Personal Representative,                    Case. No. 08-cv-14344

                Plaintiff,
v.                                             UNITED STATES DISTRICT JUDGE
                                               PAUL D. BORMAN


WAYNE, COUNTY OF, et al.,                       UNITED STATES MAGISTRATE JUDGE
                                               MONA K. MAJZOUB
             Defendants.

_____/

**OPINION AND ORDER AFFIRMING THE MAGISTRATE JUDGE'S ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DETERMINE SUFFICIENCY, TO DEEM ADMITTED, TO COMPEL PRODUCTION OF DOCUMENTS, TO COMPEL ANSWERS TO INTERROGATORIES, FOR SANCTIONS AND OTHER RELIEF AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND OBJECTION TO PLAINTIFF'S NOTICE OF INSPECTION OF WAYNE COUNTY JAIL DIVISION I (DKT. NO. 62)**

Before the Court are Defendants' December 18, 2009 Partial Objections (Dkt. No. 67) to the Magistrate Judge's December 3, 2009 Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion to Determine Sufficiency, To Deem Admitted, To Compel Production of Documents, To Compel Answers to Interrogatories, For Sanctions and Other Relief and Granting in Part and Denying in Part Defendants' Motion for Protective Order and Objection to Plaintiff's Notice of Inspection of Wayne County Jail Division I (Dkt. No. 62). Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Order of the Magistrate Judge.


I.      **BACKGROUND**

1

This case involves an inmate-on-inmate attack which occurred on June 27, 2006, and resulted in the death of Plaintiff's decedent. Plaintiff claims in part that the Defendants were aware that the assailant-inmate, Sean Pollard, was violent and psychotic and that despite this knowledge they placed Pollard in a registry holding cell with Plaintiff's decedent, whom Pollard attacked and killed. Plaintiff claims in part that the Defendants' policies and procedures, which lead to Plaintiff's decedent's death, were constitutionally defective.

On December 3, 2009, the Magistrate Judge granted in part and denied in part Plaintiff's and Defendants' discovery motions. Defendants now object to the following portions of the Magistrate Judge's Order: (1) that Defendants, whose answers as to the existence of responsive documents have been ambiguous, produce an affidavit of their counsel setting forth the steps taken to identify, locate and produce responsive documents (Op. at 9); (2) that Defendants produce the LEIN printout if it was the result of the wants and warrants check (Op. at 13); (3) that Defendants produce the policy directive referred to by Eric Troszak in his deposition (Op. at 14); (4) that Defendants permit Plaintiff to inspect and copy, at Plaintiff's cost, the internal affairs files on 600-1200 inmate-on-inmate assaults (Op. at 14-15); and (5) that Defendants allow Plaintiff's counsel and a photographer to inspect the Registry and Registration Bubble areas of the Wayne County jail Division 1 at a mutually convenient time before December 20, 2009.

## II.   STANDARD OF REVIEW

The standard of review under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The magistrate judge's decision must be upheld unless, on the entire evidence presented, the district

court "is left with the definite and firm conviction that a mistake has been committed." *United States v. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## III.   ANALYSIS

### A.   Objection No. 1 - Affidavit of Counsel Detailing Efforts to Obtain Discovery

Defendants argue that the Magistrate Judge erred in going beyond the requirements of Fed. R. Civ. P. 26(g) and requiring Defendants' counsel to provide an affidavit setting forth the steps taken to locate responsive documents, including the names of individuals from whom counsel sought information and the places and dates that documents were sought.   "The duty to make a "reasonable inquiry" [under Rule 26(g)] is satisfied if the investigation undertaken by the attorney and the conclusions drawn therefrom are reasonable under the circumstances. . . .   Ultimately, what is reasonable is for the court to decide on the totality of the circumstances."   Fed. R. Civ. P. 26(g) Advisory Committee Notes, 1983 Amendments.  Given the "ambiguity" which the Magistrate Judge noted in Defendants' responses to Plaintiff's requests to produce documents, this Court concludes that the Magistrate Judge's request that counsel provide an affidavit setting forth more specifically "the steps taken to identify, locate and produce responsive documents and items . . . including persons from whom counsel sought information, and places and dates and that items were sought" was not clearly erroneous.   In order to determine, based on the "totality of the circumstances," whether counsel's investigation was reasonable under rule 26(g), the Magistrate Judge required additional information regarding counsel's efforts.

Although the Magistrate Judge did not impose sanctions in the instant matter, the Court notes that it has broad powers to do so under Fed. Civ. P. 26(g) and that the standard for imposing sanctions is "an objective standard similar to the one imposed by Rule 11."   Fed. R. Civ. P. 26(g)

Advisory Committee Notes, 1983 Amendments. The court has all of the powers enumerated under applicable rules and statutes but also has an "inherent power [that] extends to a full range of litigation abuses." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002) (quoting *Chambers v. NASCO*, 501 U.S. 32, 46 (1991)). Thus, this Court rejects Defendants' suggestion that the Magistrate Judge erred in requiring "more" than Rule 26(g) enumerates, as clearly the Court has the power to ascertain the specifics of counsel's inquiry to determine whether such inquiry was sufficient or sanctionable.

The Court concludes that the Magistrate Judge's order that Defendants provide an affidavit of counsel recording the details of counsel's endeavors to obtain responsive documents was not contrary to law or clearly erroneous. The Court denies Defendants' first objection.

**B.      The LEIN Printout**

The Magistrate Judge required Defendants to "produce the 'LEIN printout' if it was a result of the wants and warrants check." (Op. at 13.) Defendant objects that "there is no such document." This is not an objection but a response. The Court concludes that the Magistrate Judge's Order requiring production of such a document "if it was the result of the wants and warrants check" was not clearly erroneous. The Court denies Defendants' second objection.

**C.      The "Directive" Referred to By Eric Troszak**

The Magistrate Judge requested Defendants to produce "a full and complete copy of the specific directive referred to by Eric Troszak in his deposition of June 10, 2009." (Op. at 13.) Defendant objects that it has fully responded to the request by providing Plaintiff a copy of "such a directive." Plaintiff states that no such directive was attached to Defendants' response. The Magistrate Judge noted that Defendants had asserted no claim of ambiguity or privilege in their

response and held that Defendants' "response is non-responsive." The Magistrate Judge ordered that the *specific* directive referred to by Eric Troszak in his deposition on June 10, 2009 be produced. It is clear from Plaintiff's request that they are not seeking an example of such a directive, which is what Defendants claim to have produced, but are asking for the specific directive(s) to which Eric Troszak referred in his deposition. The Court finds that the Magistrate Judge's holding that Defendants must produce, to the extent that it exists, a full and complete copy of the "specific directive(s)" as requested is not contrary to law or clearly erroneous. The Court denies Defendants' third objection.

### D. Documents Relating to Inmate-on-Inmate Assaults

The Magistrate Judge ordered Defendants to produce documents relating to instances of inmate-on-inmate assaults, whether investigated or not, for the 2 years preceding and the 2 years following the assault on Plaintiff's decedent. (Op. at 15.) The Magistrate Judge limited the request from the 10 year time period requested by Plaintiff to a more manageable 4 year period. The Magistrate Judge found that such documents were relevant to Plaintiff's *Monell* practice and policy claim and balanced the importance of such discovery to Plaintiff against the burden to Defendants in complying with the request. The Magistrate Judge, cognizant of the fact that this request involved a review of between 600-1,200 assaults, concluded that the balance tipped in favor of Plaintiff's demonstrated need for the discovery. "Here, the potential benefit of the proposed discovery and the importance of the issues in the case is great and weighs in favor of allowing at least some discovery of the matters." (Op. at 14.)

Sensitive to the Defendants' claimed budget cuts and staff reductions, the Magistrate Judge limited the scope of the request to 4 years and ordered Defendants to bear the cost of identifying,

reviewing and locating the files but placed the burden of copying and the costs associated with such copying on the Plaintiff. Contrary to Defendants' assertion that the Magistrate Judge suggested off-site copying, the Opinion and Order in fact refers only to onsite copying and places the associated costs squarely on Plaintiff. Further, the Court is unpersuaded by Defendants' argument that there is a meaningful distinction in relevance between "random" and "non-random" inmate-on-inmate assaults. This Court finds that the Magistrate Judge's order is not clearly erroneous or contrary to law. The Court denies Defendants' fourth objection.

  **E.  Permitting Plaintiff to Visit and Photograph the Wayne County Jail**

  The Court finds that this objection is now moot as it was based upon Defendants' request that the inspection take place sometime after January 4, 2010. This date has passed and, assuming the inspection has not taken place as of the date of this Order, the Court orders that Defendants allow Plaintiff's counsel and a photographer to inspect the Registry and Registration Bubble areas of Wayne County Jail Division I within 5 days of the date of this Order.

**III. CONCLUSION**

  For the foregoing reasons the Court:

  **AFFIRMS** the Magistrate Judge's December 3, 2009 Order Granting in Part and Denying in Part Plaintiff's Motion to Determine Sufficiency, To Deem Admitted, To Compel Production of Documents, To Compel Answers to Interrogatories, For Sanctions and Other Relief and Granting in Part and Denying in Part Defendants' Motion for Protective Order and Objection to Plaintiff's Notice of Inspection of Wayne County Jail Division I.

IT IS SO ORDERED.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  January 25, 2010

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on January 25, 2010.

S/Denise Goodine
Case Manager

7