UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN C. FAHNER, Estate of,
by SHIRLEY FAHNER,     CIVIL ACTION NO. 08-cv-14344
As Personal Representative,
    Plaintiff,     DISTRICT JUDGE PAUL D. BORMAN

    vs.     MAGISTRATE JUDGE MONA K. MAJZOUB

WAYNE, COUNTY OF,
et al.
    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST
AMENDED COMPLAINT (DOCKET NO. 60) AND
EXTENDING SCHEDULING ORDER**

This matter is before the court on Plaintiff's Motion For Leave to File First Amended Complaint, filed on November 24, 2009. (Docket no. 60). Defendants filed a Response To Plaintiff's Motion For Leave To File An Amended Complaint on December 10, 2009. (Docket no. 65). Plaintiff filed a Reply on December 17, 2009. (Docket no. 66). This matter has been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 61). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This motion is ready for ruling.

**I.    Background**

Plaintiff's claims arise from the allegation that on June 27, 2006 Plaintiff's Decedent John Fahner was placed in a holding area at the Wayne County Jail with another prisoner, Defendant Sean Pollard a/k/a Shawn Johnson, who Plaintiff alleges was a dangerous prisoner with a history of violent and aggressive behavior and a psychiatric condition. Defendant Pollard beat Plaintiff's

-1-

Decedent severely. Plaintiff's Decedent was hospitalized and died on July 15, 2006 as a result of blunt force trauma to the head. Plaintiff alleges that Defendants, including named officers and other employees of Wayne County Sheriff's Department, deprived Plaintiff's Decedent of his constitutional rights under 42 U.S.C. §§ 1981, 1983, 1985 and 1988 pursuant to Fourth, Eighth and Fourteenth of United States Constitution and makes state law claims in accordance with Michigan's Wrongful Death Statute, M.C.L.A. § 600.2922.

**II.     Standard**

Rule 15(a), Fed. R. Civ. P., provides that a party may amend its pleading once as a matter of course within twenty-one days of serving its pleading, within twenty-one days of service of the responsive pleading or within twenty-one days after service of a Fed. R. Civ. P. 12(b), (e) or (f) motion. Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The decision whether to permit amendment is committed to the discretion of the trial court." *Lucas v. Schneider Nat'l Carriers, Inc.*, 953 F.2d 644 at *5 (6th Cir. 1992) (unpublished). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject for relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). In the absence of any apparent or declared reason, such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment, the leave to amend should be freely given. *See id*.

**III.    Discussion**

Plaintiff filed her original Complaint in Wayne County Circuit Court and it was removed and filed with this Court on October 14, 2008. (Docket no. 1). Defendants filed an Answer on October

21, 2008. (Docket no. 3). On November 17, 2008 the Court entered a Stipulated Order Amending Complaint which ordered that all allegations of individual liability against Harold Cureton and Malcolm Thompson be stricken and that by operation of law the "official capacity" claims against these individuals are claims against the County of Wayne only. (Docket no. 7). Defendants object to Plaintiff's Motion For Leave To File First Amended Complaint and leave of court is required before Plaintiff may amend her Complaint. Fed. R. Civ. P. 15(a).

## A.  *Undue Delay in Filing and Prejudice to Defendants*

Plaintiff seeks to add three new Defendants, who are current or former employees of Defendant County, and related claims[1]. Plaintiff argues that the identities of these individuals came to light during discovery. (Docket no. 60). Defendants argue that the Internal Affairs file naming two of the proposed Defendants was delivered to Plaintiff's attorneys on February 8, 2008 and that the jail medical records naming the third proposed Defendant were given to Plaintiff's attorneys on June 9, 2009. (Docket no. 65). Plaintiff pointed out that at the time of filing her pleadings, some discovery was still outstanding. The Court is familiar with the discovery motions that have been filed in this action and is aware that discovery is ongoing. Despite Defendants' allegation that these names were known well before Plaintiff moved to amend her Complaint, there is no indication that the relevance of the individuals was understood at that time. The Court does not find undue delay in this instance. The Court also notes that this is Plaintiff's first Amendment to the Complaint.

---

[1] Plaintiff seeks to add Clara Carter-Steele and Kevin Semak as supervisory personnel with oversight responsibility, including hiring, training, instruction, supervision and discipline of the named officers, and Bernadine Tuitt, a nurse who Plaintiff alleges was told Sean Pollard's real name after he was booked and prior to the incident at issue. (Docket no. 60-2).

Plaintiff made her motion to amend in November 2009 when discovery was set to close on December 29, 2009 and the dispositive motion cut off was February 13, 2010. (Docket no. 51). On December 8, 2009 the Court entered a stipulated order extending discovery to March 1, 2010 and the dispositive motion cut-off to April 14, 2010. (Docket no. 64). Defendants did not argue that they will be prejudiced by Plaintiff's amending the Complaint. In this instance there is no showing of prejudice to Defendants and any prejudice is mitigated because discovery has not yet closed.

## B.     *Futility*

Defendants argue that Plaintiff's addition of three new defendants and related claims is futile. (Docket no. 65). To determine whether a motion to amend is futile, the Court usually examines whether the proposed amended complaint states a claim for relief. "This circuit has addressed the issue of 'futility' in the context of motions to amend, holding that where a proposed amendment would not survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court need not permit the amendment." *See National Credit Union Admin. Bd. v. Acacia Nat'l Life Ins. Co.*, 60 F.3d 828, 1995 WL 408177 at *4 (6th Cir. 1995). "Pursuant to Rule 12(b)(6), the court of appeals must construe the complaint liberally in plaintiff's favor and accept as true all factual allegations and permissible inferences therein." *Id.* at *4 (citing *Gazette v. City of Pontiac*, 41 F.3d 1061 (6th Cir. 1994)). "The court is not required to accept as true alleged legal conclusions or unwarranted factual inferences." *Victory Lane Quick Oil Change, Inc. v. Hoss*, 2009 WL 2461183 at *2 (E.D.Mich. Aug. 10, 2009) (citing *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir.2000)).

Plaintiff brings claims against Semak and Carter-Steele pursuant to the existing counts and Plaintiff's allegations include "reckless disregard and deliberate indifference in the supervision, hiring, training, and discipline of the individual and officers . . . ." (Docket no. 60-2, ¶¶ 63, 73).

Defendants raised specific arguments against amendment which culminate in an attempt to cast all of Plaintiff's claims and allegations as a single overarching allegation of liability due to the failure to "implement policies that place an affirmative duty on every Deputy in the Jail to fully investigate all claims of mistaken identity and determine a new inmate's 'true identity', despite the name on the inmate's associated Mittimus, in less than 12 hours." (Docket no. 65 at p. 17). This oversimplification ignores Plaintiff's many claims and factual allegations in support of the same, including that specific procedures may not have been followed, Plaintiff's *Monell* claim that liability lies in the execution of policy or custom, allegations of reckless disregard and deliberate indifference carrying out policies and in the hiring, supervision, training and discipline of individuals and officers, failure to investigate, failure to discipline, covering up of misconduct and thereby ratifying conduct, and a defective classification policy resulting in an unreasonable risk of harm that violates a prisoner's Constitutional rights. (Docket no. 60-2 ¶¶ 63, 64, 72, 79 and docket no. 66 at p.8); *see also Monell v. Dept. Soc. Servs. of the City of New York*, 436 U.S. 658 (1978). Plaintiff also alleges Defendants knew or should have known that its procedures, policies, customs or practices were wholly defective including the failure to monitor inmates, failure to take steps necessary to identify and classify inmates and failure to establish and/or maintain adequate policies related to holding unclassified, pre-classified and classified inmates. (Docket no 60-2). Plaintiff argues that Defendants' responses to outstanding discovery will support her claims.

The Court also finds Plaintiff's reliance on *Marchese v. Lucas* persuasive. *See Marchese v. Lucas*, 758 F.2d 181 (6th Cir. 1985). *Marchese* did not involve inmate on inmate violence. It did, however, involve an "official policy" that did not require training and discipline of officers and did not engender serious investigation of an assault by officers upon a prisoner. *See id.* at 188. In

limited instances, "the failure to investigate may give rise to supervisory liability under § 1983 . . . ." *Loy v. Sexton*, 132 Fed. Appx. 624, 627 (6th Cir. 2005) (citing *Marchese,* 758 F.2d at 188*).* The Court finds that Plaintiff's First Amended Complaint alleges more than a failure to act or simple negligence as to Executive Lieutenant Semak and Internal Affairs Investigator Carter-Steele and contains allegations which raise disputed fact issues.

With respect to Nurse Tuitt, Plaintiff also alleges that her conduct was "so reckless as to demonstrate a substantial lack of concern for whether an injury results. . . ." (Docket no. 66 at p.5). The Court finds persuasive Plaintiff's reliance on Mich. Comp. Laws 691.1407(7)(a) and *Tallman v. Markstrom* to maintain her claim of gross negligence in the face of a governmental immunity defense. *See Tallman v. Markstrom*, 446 N.W. 2d 618 (Mich. App. 1989) (holding material question of fact as to gross negligence precluded entry of summary judgment on basis of governmental immunity). Plaintiff has plead facts sufficient to maintain such a claim. The Court finds that the allegations related to the proposed Defendants raise issues of disputed fact and discovery is ongoing. Futility is not a reason to deny Plaintiff's motion to amend at this time. The amendment should be allowed because justice so requires. The Court will enter an amended scheduling order in this matter extending the current scheduling order dates by sixty days. (Docket no. 64).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion For Leave To File First Amended Complaint (docket no. 60) is **GRANTED** and Plaintiff will file and serve her First Amended Complaint on or before February 19, 2010.

**IT IS FURTHER ORDERED THAT** the scheduling order dates are extended by sixty days as follows:

1) The discovery cut-off date for the completion of discovery is April 30, 2010; and

2) The dispositive motion cutoff date is June 14, 2010.

**There will be no further extensions.**

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: February 12, 2010            s/ Mona K. Majzoub
                                                         MONA K. MAJZOUB
                                                         UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: February 12, 2010            s/ Lisa C. Bartlett
                                                         Case Manager