**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN C. FAHNER, Estate of,
by SHIRLEY FAHNER,   CIVIL ACTION NO. 08-cv-14344
As Personal Representative,
      Plaintiff,   DISTRICT JUDGE PAUL D. BORMAN

   vs.   MAGISTRATE JUDGE MONA K. MAJZOUB

WAYNE, COUNTY OF,
et al.
      Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S EX-PARTE MOTION FOR ISSUANCE OF SECOND SUMMONS (DOCKET NO. 131) AND DENYING DEFENDANT'S OBJECTION TO PLAINTIFF'S REQUEST FOR ISSUANCE OF SECOND SUMMONS AND MOTION TO QUASH (DOCKET NO. 129)**

This matter is before the Court on two motions. The first is Defendants' Objection To Plaintiff's Request For Issuance of Second Summons And Motion To Quash filed on June 7, 2010. (Docket no. 129). Plaintiff did not filed a response, but instead filed its own motion, an Ex-Parte Motion for Issuance of Second Summons, on June 7, 2010. (Docket no. 131). Defendants filed a Response To Plaintiff's Ex-Parte Motion For Issuance Of Second Summons on June 7, 2010. (Docket no. 133). The parties filed a Joint Statement Of Unresolved Issues on June 16, 2010. (Docket no. 136). These matters have been referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 134). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This motion is ready for ruling.

This Court entered an Order on February 12, 2010 granting Plaintiff's Motion For Leave To File First Amended Complaint and allowing Plaintiff to add three new defendants with related claims. One of the new defendants is former Wayne County employee Nurse Bernadine Tuitt-Hill.

-1-

(Docket no. 76). The Order stated that Plaintiff would file and serve its First Amended Complaint on or before February 19, 2010. (Docket no. 76). In light of the First Amended Complaint, the scheduling order was also extended by sixty days to a new discovery completion deadline of April 30, 2010. (Docket no. 76).

Plaintiff sought a summons for Ms. Tuitt-Hill on February 16, 2010. (Docket no. 79). That summons expired on June 16, 2010. Prior to expiration of the first summons, Plaintiff sought issuance of another summons on June 7, 2010. The summons was issued the same day. (Docket no. 128). Defendants object that the original summons was still valid when the second summons issued and that pursuant to Fed. R. Civ. P. 4(m) service must be made within one hundred and twenty days after the complaint is filed or the action must be dismissed, absent a Court order to the contrary. The parties disagree about whether Plaintiff informed the Court Clerk that the June 7, 2010 request was for a second summons. Defendant argues that it objects to the summons and moves to quash it. Plaintiff now asks the Court to grant an additional 120 days within which to serve process on Defendant Bernadine Tuitt-Hill.

Plaintiff alleges that it has not yet served Ms. Tuitt-Hill because Defendants have "repeatedly denied or obscured" Ms. Tuitt-Hill's identity, role and whereabouts. (Docket no. 131 ¶ 4). Defendants argue that Plaintiff's have had Ms. Tuitt-Hill's last known address since October 2009 and her date of birth since November 2009. Defendants provided emails with their Response in Opposition to support these allegations. (Docket nos. 133-2, 133-3). The parties dispute the date on which Plaintiff received a copy of Ms. Tuitt-Hill's personnel file, but the latest date alleged is May 11, 2010. (Docket nos. 131 ¶ 7, 133 at p. 2 of 3).

Rule 4(m), Fed. R. Civ. P., provides that a defendant must be served within 120 days after the complaint is filed, "[b]ut if the plaintiff shows good cause for the failure [to serve within 120 days], the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff has made specific allegations regarding the nature of its attempts to serve Ms. Tuitt-Hill, including that Plaintiff's counsel has traveled to her residences, deposed family members and subpoenaed documents from licensing authorities in an attempt to locate Ms. Tuitt-Hill. Plaintiff has not, however, stated the date and time when it undertook each of these actions so the Court cannot ensure that Plaintiff has been diligent where Plaintiff was directed by the Court to "file and serve" the First Amended Complaint on or before February 19, 2010. It is clear that there was at a minimum nearly a two week delay in Defendants' production of at least a portion of Ms. Tuitt-Hill's personnel file, from which identifying information may have been gleaned.

The Court finds that Plaintiff has shown good cause for an extension of the time in which to serve a summons on Ms. Tuitt-Hill. Plaintiff failed to show that it needs an additional 120 days to do so. The Court with its last Order on this issue advised that no further extensions would be given and the pleadings in this case show that Plaintiff anticipated naming Ms. Tuitt-Hill as a defendant in November 2009, when it filed a motion for the same, and had Ms. Tuitt-Hill's address and date of birth at that time. Rule 4(m), Fed. R. Civ. P., allows the Court to "order that service be made within a specified time" or extend the time for service "for an appropriate period." Fed. R. Civ. P. 4(m). Plaintiff alleged in its Motion for Issuance of Second Summons that it issued subpoenas to Ms. Tuitt-Hill's cellular provider and "has been promised a response within a week." (Docket no. 131 ¶ 8). The Court will grant Plaintiff's motion in part and extend the time for the service of a summons and First Amended Complaint on Ms. Tuitt-Hill an additional 30 days from

the date of this Order, to July 23, 2010.  For the reasons set forth herein the Court will deny Defendant's Objection To Plaintiff's Request For Issuance of Second Summons and Motion to Quash.  (Docket no. 129).

**IT IS THEREFORE ORDERED THAT** Plaintiff's Ex-Parte Motion For Issuance Of Second Summons (docket no. 131) is **GRANTED** in part and Plaintiff has an extension until July 23, 2010 to serve the Summons and First Amended Complaint on Bernadine Tuitt-Hill.  Plaintiff's request for an additional 120 days to accomplish service of the summons is **DENIED.**

**IT IS FURTHER ORDERED THAT** Defendant's Objection To Plaintiff's Request For Issuance Of Second Summons And Motion To Quash (docket no. 129) is **DENIED**.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 23, 2010          s/ Mona K. Majzoub
                               MONA K. MAJZOUB
                               UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: June 23, 2010          s/ Lisa C. Bartlett
                               Case Manager