# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

JOHN C. FAHNER, Estate of,
by SHIRLEY FAHNER,
As Personal Representative,
        Plaintiff,

        vs.

WAYNE, COUNTY OF,
et al.
        Defendants.
_____/

CIVIL ACTION NO. 08-cv-14344

DISTRICT JUDGE PAUL D. BORMAN

MAGISTRATE JUDGE MONA K. MAJZOUB

## ORDER GRANTING DEFENDANTS' EX-PARTE EMERGENCY MOTION TO EXTEND DISPOSITIVE MOTION CUTOFF DATE (DOCKET NO. 145)

This matter is before the Court on Defendants' Ex-Parte Emergency Motion To Extend Dispositive Motion Cutoff Date filed on July 14, 2010. (Docket no. 145). The matter was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 147). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This motion is ready for ruling.

Defendants move the Court to extend the current July 19, 2010 dispositive Motion cutoff date by sixty days alleging that Plaintiff is not available to depose Wayne County employees until the afternoon of July 21, 2010, Plaintiff has not yet served Defendant Bernadine Tuitt-Hill. The Court granted Plaintiff's Motion For Substituted Service on Defendant Tuitt-Hill and extended the date by which Plaintiff must accomplish the same. For these reasons the Court finds good cause to extend the deadline for the filing of dispositive motions. Fed. R Civ. P. 16(b)(4). In light of the extension to serve Defendant Tuitt-Hill, the Court will extend the dispositive motion deadline by 120 days.

Defendants sought concurrence in their Motion to Extend and allege that Plaintiff's counsel did not concur in the relief requested. The Court points out that the parties have been able to accomplish little in this matter without the involvement of the Court, as evidenced by the length of the docket. The Court attaches hereto the Civility Principles of the United States District Court for the Eastern District of Michigan, adopted by Administrative Order No. 08-AO-009, and included as an Appendix to the Local Rules of the Eastern District of Michigan. The Court reminds counsel for all the parties that adherence to these principles "is expected as part of a commitment by all participants to improve the administration of justice throughout the Eastern District" and that these principles "should be reviewed and followed by counsel participating in any proceeding in the Eastern District." Preamble, Civility Principles, Eastern District of Michigan.

**IT IS THEREFORE ORDERED THAT** Defendants' Ex-Parte Emergency Motion To Extend Dispositive Motion Cutoff Date (docket no. 145) is **GRANTED** and the deadline for filing dispositive motions is extended by 120 days to November 16, 2010.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: July 28, 2010   s/ Mona K. Majzoub
          MONA K. MAJZOUB
          UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: July 28, 2010                    s/ Lisa C. Bartlett
                                        Case Manager



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

In re: Civility Principles                     Administrative Order

                                              No. 08-AO- 009

## ADMINISTRATIVE ORDER

This Administrative Order supersedes Administrative Order 07-AO-011, in re: Civility Plan.

A.    Introduction

On October 4, 1993, the United States District Court for the Eastern District of Michigan approved a Plan for the Reduction of Expense and Delay in Civil Cases as provided in 28 U.S.C. § 471, et seq. Section VII(C) of that Plan stated that the Court would request that the Federal Bar Association/Detroit Chapter (FBA) and the State Bar of Michigan propose a civility plan to the Court. The FBA and the U.S. Courts Committee of the State Bar of Michigan made recommendations which were considered by the Court.

B.    Adoption of Civility Principles

On February 5, 1996, the Court adopted the attached Civility Principles.

On November 5, 2007, on the recommendation of the Joint Standing Committee on Civility, the Court approved a "Lawyer's Commitment of Professional Civility" to be included with the Civility Principles.

The Civility Principles are included as an Appendix to the Local Rules of the United States District Court for the Eastern District of Michigan.

C.    Distribution of Principles and New Member Certification

The Clerk of the Court will distribute a copy of the Civility Principles to any attorney who applies for admission to practice before the Court. The application for admission to practice before the Court also includes a certification that the applicant has read and will abide by the Civility Principles.

D.    Joint Standing Committee

A Joint Standing Committee shall be selected/designated by the Chief Judge and will consist of two judicial officers, one representative of the FBA, one representataive of the State Bar of Michigan, and at least two other members as designated by the Chief

Judge.     The Joint Standing Committee will meet as needed to consider civility issues and further measures to promote civility and collegiality between attorneys and judicial officers.

FOR THE COURT:

Bernard A. Friedman
Chief Judge

Attachments

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

CIVILITY PRINCIPLES

<u>Preamble</u>

An attorney's conduct should be characterized at all times by personal courtesy and professional integrity in the fullest sense of those terms. In fulfilling our duty to represent a client vigorously as attorneys, we will be mindful of our obligations to the administration of justice, which is a truth-seeking process designed to resolve human and societal problems in a rational, peaceful and efficient manner.

A judge's conduct should be characterized at all times by courtesy and patience toward all participants. As judges we owe all participants in a legal proceeding respect, diligence, punctuality and protection against unjust and improper criticism or attack.

Conduct that may be characterized as uncivil, abrasive, abusive, hostile or obstructive impedes the fundamental goal of resolving disputes rationally, peacefully and efficiently. Such conduct tends to delay, and often deny, justice.

The following standards are designed to encourage us, judges and attorneys, to meet our obligations to each other, to litigants and to the system of justice, and thereby achieve the twin goals of civility and professionalism, both of which are hallmarks of a learned profession dedicated to public service.

We expect judges and attorneys will make a mutual and firm commitment to these standards. Voluntary adherence is expected as part of a commitment by all participants to improve the administration of justice throughout the Eastern District.

These standards shall not be used alone as a basis for litigation, sanctions or penalties. However, nothing in these standards supersedes or detracts from existing disciplinary codes or alters existing standards of conduct against which attorney negligence or misconduct may be determined.

These standards should be reviewed and followed by all judges and attorneys participating in any proceeding in the Eastern District. Copies may be made available to clients to reinforce our obligation to maintain and foster these standards.

## Attorneys' Responsibilities to Other Counsel

1) We will practice our profession with a continuing awareness that our role is to advance the legitimate interest of our clients. In our dealings with others, we will not reflect the ill feelings of our clients. We will treat all other counsel, parties and witnesses in a civil and courteous manner, not only in court, but also in all other written and oral communications.

2) We will not, even when called upon by a client to do so, abuse or indulge in offensive conduct directed to other counsel, parties or witnesses. We will abstain from disparaging personal remarks or acrimony toward other counsel, parties, or witnesses. We will treat adverse witnesses and parties with fair consideration.

3) We will not encourage or knowingly authorize any person under our control to engage in conduct that would be improper if we were to engage in such conduct.

4) We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety.

5) We will not seek court sanctions without first conducting a reasonable investigation and unless fully justified by the circumstances and necessary to protect our client's lawful interests.

6) We will adhere to all express promises and agreements with other counsel, whether oral or in writing, and will adhere in good faith to all agreements implied by the circumstances or local customs.

7) When we reach an oral understanding on a proposed agreement or stipulation and decide to commit it to writing, the drafter will endeavor in good faith to state the oral understanding accurately and completely. The drafter will provide other counsel the opportunity to review the writing. As drafts are exchanged between or among counsel, changes from prior drafts will be identified in the draft or otherwise explicitly brought to the attention of other counsel. We will not include in a draft matters to which there has been no agreement without explicitly advising other counsel in writing of the addition.

8) We will endeavor to confer early with other counsel to assess settlement possibilities. We will not falsely hold out the possibility of settlement as a means to adjourn discovery or to delay trial.

9) In civil actions, we will stipulate to relevant matters if they are undisputed and if no good-faith advocacy basis exists for not stipulating.

Approved February 5, 1996

10)     We will not use any form of discovery or discovery scheduling as a means of harassment.

11)     We will make good faith efforts to resolve by agreement our objections to matters contained in pleadings, discovery requests and objections.

12)     We will not time the filing or service of motions or pleadings in any way that unfairly limits another party's opportunity to respond.

13)     We will not request an extension of time solely for the purpose of unjustified delay or to obtain tactical advantage.

14)     We will consult other counsel regarding scheduling matters in a good-faith effort to avoid scheduling conflicts.

15)     We will endeavor to accommodate previously-scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars or other functions that produce good-faith calendar conflicts on the part of other counsel. If we have been given an accommodation because of a calendar conflict, we will notify those who have accommodated us as soon as the conflict has been removed.

16)     We will notify other counsel and, if appropriate, the Court or other persons, at the earliest possible time when hearings, depositions, meetings or conferences are to be canceled or postponed. Early notice avoids unnecessary travel and expense of counsel and may enable the Court to use the previously-reserved time for other matters.

17)     We will agree to reasonable requests for extensions of time and for waiver of procedural formalities, recognizing that it is the attorney, and not the client, who has the sole discretion to determine the accommodations to be granted opposing counsel in all matters not materially or adversely affecting the client's legitimate rights. We will affirm that in such matters no client has a right to demand that his or her counsel shall be illiberal or that we do anything therein repugnant to our own sense of honor and propriety.

18)     We will not cause any default or dismissal to be entered without first notifying opposing counsel, when we know his or her identity.

19)     We will take depositions only when actually needed to ascertain facts or information or to perpetuate testimony. We will not take depositions for the purposes of harassment or to increase litigation expenses.

20)     We will not engage in any conduct during a deposition that would not be

appropriate in the presence of a judge.

21) We will not obstruct questioning during a deposition or object to deposition questions unless appropriate under the applicable rules.

22) During depositions, we will ask only those questions we reasonably believe are necessary for the prosecution or defense of an action.

23) We will carefully craft document production requests and/or interrogatories so they are limited to those documents we reasonably believe are necessary for the prosecution or defense of an action. We will not design production requests to place an undue burden or expense on a party.

24) We will respond to document requests and interrogatories reasonably and not strain to interpret the requests or interrogatories in an artificially restrictive manner to avoid disclosure of relevant and non-privileged documents and information fairly within the scope of the requests or interrogatories. We will not produce documents or answer interrogatories in a manner designed to hide or obscure the existence of particular documents or information.

25) We will base our discovery objections on a good-faith belief in their merit and will not object solely for the purpose of withholding or delaying the disclosure of relevant information.

26) When a draft order is to be prepared by counsel to reflect a court ruling, we will draft an order that accurately and completely reflects the Court's ruling. We will promptly prepare and submit a proposed order to other counsel and attempt to reconcile any differences before the draft order is presented to the Court.

27) We will not ascribe a position to another counsel that counsel has not taken or otherwise seek to create an unjustified inference based on counsel's statements or conduct.

28) Unless specifically permitted or invited by the Court, or unless otherwise necessary, we will not send copies of correspondence between counsel to the Court.

## Attorneys' Responsibilities to the Court

1) We will speak and write civilly and respectfully in all communications with the Court.

2) We will be punctual and prepared for all Court appearances so that all hearings, conferences and trials may commence on time; if delayed, we will notify the Court and counsel, if possible.

Approved February 5, 1996

3) We will be considerate of the time constraints and pressures on the Court and Court staff inherent in their efforts to administer justice.

4) We will not engage in conduct that brings disorder or disruption to the courtroom. We will advise our clients and witnesses appearing in Court of the proper conduct expected and required there and, to the best of our ability, prevent our clients and witnesses from creating disorder or disruption.

5) We will not knowingly misrepresent, mischaracterize, misquote, or miscite facts or authorities in any oral or written communication.

6) We will not send letters to the Court (whether addressed to the Court or copies of letters to opposing counsel) that contain argument or criticize counsel in connection with a pending action, unless invited or permitted by the Court or as appropriate exhibits to Court filings, in which event a copy shall be provided to opposing counsel in such a manner as to insure delivery to opposing counsel on that same day that it is delivered to the Court.

7) Before dates for hearings or trials are set, or if that is not feasible, immediately after such date has been set, we will attempt to verify the availability of necessary participants and witnesses so we can promptly notify the Court of any likely problems.

8) We will act and speak civilly to marshals, clerks, court reporters, secretaries and law clerks with an awareness that they, too, are an integral part of the judicial system.

## Court's Responsibilities to Attorneys

1) We will endeavor to be courteous, respectful and civil to attorneys, parties and witnesses. We will maintain control of the proceedings, recognizing that judges have both the obligation and the authority to insure that all litigation proceedings are conducted in a civil manner.

2) We will not employ hostile, demeaning or humiliating words in opinions or in written or oral communications with attorneys, parties or witnesses.

3) We will be punctual in convening hearings, meetings and conferences; if delayed, we will notify counsel, if possible.

4) The Court, recognizing the existence of family and business obligations of parties, witnesses and attorneys, will attempt, in scheduling all hearings, meetings and conferences, to be considerate of time schedules of attorneys, parties and

witnesses.

5)  We will make reasonable efforts to decide promptly matters presented to us for decision.

6)  While endeavoring to resolve disputes efficiently, we will be considerate of the time constraints and pressures imposed on attorneys.

7)  We recognize that an attorney has a right and a duty to present a cause fully and properly, and that a litigant has a right to fair and impartial consideration.

8)  We will not impugn the integrity or professionalism of any attorney on the basis of the clients whom, or the causes which, an attorney represents.

9)  We will do our best to insure that Court personnel act civilly toward attorneys, parties and witnesses.

10) We will not adopt procedures that needlessly increase litigation expense.

11) We will bring to an attorney's attention uncivil conduct which we observe.

### Judges' Responsibilities to Each Other

1)  We will be courteous, respectful and civil in opinions, ever mindful that a position articulated by another judge is the result of that judge's earnest effort to interpret the law and the facts correctly.

2)  In all written and oral communications, we will abstain from disparaging personal remarks or criticisms, or sarcastic or demeaning comments about another judge.

3)  We will endeavor to work with other judges in an effort to foster a spirit of cooperation in our mutual goal of enhancing the administration of justice.

Approved February 5, 1996

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

## Lawyer's Commitment of Professional Civility

A lawyer shall conduct him/herself in accordance with the standards of professional integrity and personal courtesy set forth in the Civility Principles of the United States District Court for the Eastern District of Michigan.

A lawyer shall honor and respect the Constitution of the United States, the judicial system, the legal profession and will strive to uphold the dignity of each.

A lawyer shall be guided by a fundamental sense of integrity, candor and fair play.

A lawyer shall abstain from disrespectful, disruptive and/or abusive behavior, and will at all times act with dignity, decency and courtesy.

A lawyer shall seek to resolve and not prolong legal disputes, without lessening your obligations to client interests.

A lawyer shall respect the time and commitments of others and will be diligent and punctual in communicating with others and fulfilling in your own responsibilities.

A lawyer shall exercise independent judgment and will not be guided by ill will, deceit or avarice.

As a lawyer you shall further your profession's dedication to public service.

A lawyer shall strive to do honor to the search for truth and justice.

As a lawyer your word is your bond.

Incorporated into Civility Principles - December 3, 2007