UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN C. FAHNER, Estate of,
by SHIRLEY FAHNER,  CIVIL ACTION NO. 08-cv-14344
As Personal Representative,

      Plaintiff,  DISTRICT JUDGE PAUL D. BORMAN

  vs.  MAGISTRATE JUDGE MONA K. MAJZOUB

WAYNE, COUNTY OF,
et al.
      Defendants.
_____/

## ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR ISSUANCE OF SUBPOENAS (DOCKET NO. 183)

This matter comes before the Court on Plaintiff's Motion For The Court's Issuance Of Subpoenas And Other Relief Caused To Locate Defendant In Default Bernadine Tuitt-Hill. (Docket nos. 183, 187). Defendant Wayne County filed a response. (Docket no. 188). Plaintiff filed a reply. (Docket no. 189). The motion was referred to the undersigned for determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 184). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling.

Plaintiff moves the Court to (1) issue subpoenas to non-parties the Internal Revenue Service, the Social Security Administration, and the Veteran's Medical Center in "an effort to determine the existence of any current information" concerning the whereabouts of Defendant Tuitt-Hill; (2) issue a subpoena to non-party Lynette Tuitt to compel her attendance before the Court to give testimony as to any knowledge she may have regarding Tuitt-Hill's location; (3) issue a subpoena to Defendant Wayne County to produce the relevant collective bargaining agreement concerning legal

1

representation of employees, and any written language regarding indemnification of employees for civil judgments; (4) order Defendant Wayne County to produce before the Court the county individual or attorney to whom Tuitt-Hill spoke regarding this litigation and her party defendant status; and (5) in the event Tuitt-Hill is found in another country, compel her attendance before this Court pursuant to Federal Rule of Civil Procedure 45(b)(3) and 28 U.S.C. § 1783. (Docket no. 183). Defendant Wayne County opposes the motion. In its response, Defendant Wayne County identifies the attorney who spoke to Tuitt-Hill as Bob Gazall. (Docket no. 188, p. 4).

Rule 45 of the Federal Rules of Civil Procedure governs third-party subpoenas. Pursuant to Rule 45, subpoenas may be issued to a party in blank by the Clerk of Court or by an attorney as an officer of the Court. Fed. R. Civ. P. 45(a)(3). "If the subpoena commands the production of documents, electronically stored information, or tangible things ..., then before it is served, a notice must be served on each party." Fed. R. Civ. P. 45(b)(1). If the subpoena commands a person to attend and testify, it must identify the time and place for the hearing or trial. Fed. R. Civ. P. 45(a)(1)(A)(iii). Furthermore, if the subpoena requires the person's attendance, then at the time of service the issuing party must tender the witness fees for one day's attendance and the reasonably estimated mileage as allowed by law. Fed. R. Civ. P. 45(b)(1).

Generally, the district or magistrate judge does not become involved in the issuance of subpoenas until after service and the filing of a motion to quash or compel, particularly where the issuing party is represented by counsel. Plaintiff's counsel has not offered any reason why his office cannot issue its own subpoenas. Furthermore, Plaintiff has not provided the necessary witness fees or demonstrated that she served written notice on the parties to be served. Additionally, since the Court has not scheduled a hearing or trial in this matter, any subpoena issued to Lynette Tuitt or

2

Defendant Wayne County commanding their attendance before the Court would be premature.

In addition to the above, Plaintiff asks the Court to issue a subpoena to Defendant Wayne County to produce the relevant collective bargaining agreement concerning legal representation of employees, and any written language regarding indemnification of employees for civil judgments. Ordinarily, discovery of documents from a party is governed by Federal Rule of Civil Procedure 34, not Rule 45. *Stokes v. Xerox Corp.*, No. 05-71683, 2006 WL 6686584, at *3 (E.D. Mich. Oct. 5, 2006). Plaintiff has not demonstrated that she served a proper discovery request on Defendant Wayne County for production of the requested documents. Discovery closed April 30, 2010. Plaintiff has not moved the district court to amend its existing scheduling order. The Court therefore declines to order Defendant Wayne County to produce these documents. Furthermore, if Wayne County has been terminated from this action by the granting of its motion for summary judgment (docket no. 177), and Plaintiff now seeks to issue Wayne County a non-party subpoena, Plaintiff should do so in accordance with Rule 45.

For the reasons stated herein, Plaintiff's motion is denied without prejudice.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For The Court's Issuance Of Subpoenas And Other Relief Caused To Locate Defendant In Default Bernadine Tuitt-Hill (docket no. 183) is **DENIED** without prejudice.

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 23, 2011        s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: September 23, 2011        s/ Lisa C. Bartlett
                                 Case Manager