UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOHN C. FAHNER,
by Shirley Fahner, duly appointed
personal representative, of the Estate
Fahner,

      Plaintiff,

v.

COUNTY OF WAYNE, a corporate subunit
of Government, SHERIFF WARREN EVANS,
in his individual and official capacity,
UNDERSHERIFF, HAROLD CURETON, in his
individual and official capacity, CHIEF DIRECTOR
OF JAILS, JERIEL HEARD, in his individual and
official capacity, JAIL COMMANDER MALCOLM
D. THOMPSON, in his individual and official capacity,
SGT. MICHAEL LONG, 1661, in his individual and
official capacity, OFC. MEARS, 2685, in his individual
and official capacity, CPL. C. HALL, 1437, in his
individual and official capacity, OFC. BRIAN
GLATFELTER, 3525, in his individual and official
capacity, SEAN POLLARD a/k/a SHAWN JOHNSON,
DET. CLARA CARTER-STEELE, in her individual and
official capacity, NURSE BERNADINE TUITT, in her
individual and official capacity, LT. KEVIN SEMAK,
in his individual and official capacity, Jointly and Severally,

      Defendants.
_____/

Case Number: 2:08-cv-14344

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

## OPINION AND ORDER DENYING WAYNE COUNTY'S MOTION FOR RECONSIDERATION (DKT. NO. 206)

This matter is before the Court on Defendants' Motion for Reconsideration of this Court's April 4, 2012 Opinion and Order Granting Plaintiff's Motion for Sanctions and Relief From Judgment Under Federal Rule of Civil Procedure 60(b)(3) (Dkt. No. 204). For the reasons that

1

follow, the Court DENIES the motion for reconsideration. (Dkt. No. 206.)

## I. BACKGROUND

The facts in this matter are thoroughly set forth in the Court's April 4, 2012 Opinion and Order. (Dkt. No. 204, 2-9.)

## II. STANDARD OF REVIEW

Motions for reconsideration are governed by E.D. Mich. LR 7.1(h)(3), which states in pertinent part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001). "A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Ford Motor Co. v. Greatdomains.com, Inc.*, 177 F. Supp. 2d 628, 632 (E.D. Mich. 2001). "A motion for reconsideration should not be used liberally to get a second bite at the apple, but should be used sparingly to correct actual defects in the court's opinion." *Oswald v. BAE Industries, Inc.*, No. 10-cv-12660, 2010 WL 5464271, at *1 (E.D. Mich. Dec. 30, 2010). *See also Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010) ("It is an exception to the norm for the Court to grant a motion for reconsideration. . . . [A]bsent a significant error that changes the outcome of a ruling on a motion, the Court will not provide a party with an opportunity to relitigate issues already

decided.").

## III. ANALYSIS

Defendant's motion merely restates and rehashes arguments that were presented in Defendant's original brief in opposition to Plaintiff's motion for sanctions and at oral argument on this matter on March 22, 2012. The Court thoroughly considered Defendant's argument that the failure of the County to provide information regarding Nurse Tuitt's whereabouts was the fault of Plaintiff's counsel for failing to submit a discovery request specifically asking for Nurse Tuitt's phone number. This is preposterous and no less so in the motion for reconsideration than when earlier pressed at oral argument.

Ms. Boylan herself acknowledged at oral argument on this matter her understanding from the outset of this case how crucial Ms. Tuitt's knowledge of the facts was going to be to Plaintiff's claims in this matter. And yet, on June 28, 2010, after months of efforts to locate Nurse Tuitt proved fruitless, Ms. Boylan appeared before Judge Majzoub, with full knowledge that Nurse Tuitt had phoned Boylan's boss, Robert Gazall, from outside the country just days before, and never disclosed this fact to the Court. Left with the belief that Nurse Tuitt was as likely in New York as anywhere else, the Court issued an order for substituted service in Brooklyn, New York and the chase for the seemingly elusive Nurse Tuitt continued. The very next day, on June 29, 2010, Nurse Tuitt called Mr. Gazall in his office in the presence of Mr. Surowiec, both of whom understood Nurse Tuitt to be out of the country, while Plaintiff continued his efforts to serve her in New York. The upshot of Boylan's intentional conduct in this matter clearly did deceive the Court and the Plaintiff. Whether Plaintiff would have been able ultimately to serve Nurse Tuitt had the full truth been known, the

3

Court can only speculate.

The County places the blame on Plaintiff's counsel for not trying to contact Nurse Tuitt himself, yet the County clearly stated, at the June 28, 2010 hearing before Magistrate Judge Majzoub, that they had received a "privileged" communication from Nurse Tuitt and therefore could not disclose her phone number to the Court or to Plaintiff's counsel. Reasonably, as Plaintiff's counsel explained to the Court at the hearing on the motion for sanctions, he understood this to mean that the County was representing Nurse Tuitt in some respect and that he was not free to contact her. The County wants it both ways - they want to be "potentially" representing Nurse Tuitt when it suits them but clearly "not representing" her when that better suits them. The Court discussed at length in its original Opinion and Order the fact that the County, through Mr. Gazall's phone calls with Nurse Tuitt, clearly told Nurse Tuitt that were she to be named as a party in this lawsuit, the County would undertake to represent her. There has never been any indication that Nurse Tuitt would not have cooperated with the County in her defense had she been told that she was a party to this proceeding; indeed she clearly expressed her loyalties to her former employer in an October 26, 2011 phone call that she placed to Plaintiff's counsel.

The County's motion for reconsideration presents arguments already ruled upon by the Court and identifies no palpable defect by which the Court and the parties have been misled. Accordingly, the Court DENIES Defendant Wayne County's motion for reconsideration. (Dkt. No. 206.)

IT IS SO ORDERED.

Dated: 6-8-12

Paul D. Borman
United States District Judge