UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ESTATE OF JOHN C. FAHNER,
by Shirley Fahner, duly appointed
Personal Representative,

        Plaintiff,

v.

COUNTY OF WAYNE, et al.,

        Defendants.
_____/

Case No. 08-cv-14344

Paul D. Borman
United States District Judge

Mona K. Majzoub
United States Magistrate Judge

## OPINION AND ORDER GRANTING PLAINTIFF'S SECOND AMENDED MOTION FOR AUTHORITY TO SETTLE CLAIM AND DISTRIBUTE PROCEEDS (ECF NO. 256), APPROVING SETTLEMENT AND DISTRIBUTION OF SETTLEMENT PROCEEDS

Before the Court is Plaintiff's Second Amended Motion for Authority to Settle Claim and Distribute Proceeds. (ECF No. 256.)  Defendants filed a response indicating no objection to the settlement and expressing no opinion on the proposed distribution of the settlement funds. (ECF No. 258.)  The Court held a hearing on May 30, 2014, and conducted a voir dire of the Personal Representative of the Estate as well as the Guardian Ad Litem appointed to represent the one minor child of Plaintiff's decedent.  Having heard the evidence presented in support of the proposed settlement and distribution of proceeds, having read the parties' submissions, and having received the parties' Stipulated Order Allowing Plaintiff's Motion for Authority to Settle Claim and Distribute Proceeds ("Stipulated Order"), which is appended to this Opinion and entered by the Court as part of this Opinion and Order, the Court GRANTS the motion and APPROVES the settlement and the proposed distribution.

1

## I. INTRODUCTION

This case involves the claims of the Estate of John C. Fahner, who died following an incident that occurred during his incarceration in the Wayne County Jail. The case was filed in October, 2008, and has been vigorously and continuously litigated ever since. Under the guidance of then Magistrate Judge and now District Judge Laurie J. Michelson, the parties finally reached a settlement in this matter on March 7, 2014. Under the terms of the proposed settlement agreement, Defendants are to pay to Plaintiff on behalf of the Estate of John Fahner the amount of $600,000 in exchange for a stipulated order of dismissal of this action, as more specifically set forth on the record before Judge Michelson on March 7, 2014 and as further explained in this Opinion and Order and outlined in the Stipulated Order agreed to by the parties and entered as part of this Opinion and Order.

## II. THE MOTION FOR AUTHORITY TO SETTLE CLAIM AND DISTRIBUTE FUNDS

Plaintiff's Second Amended Motion for Authority to Settle Claim and Distribute Proceeds was filed with the Court on April 29, 2014.[1] (ECF No. 256.) The Michigan Wrongful Death Act, Mich. Comp. Laws § 600.2922 *et seq.*, requires that this Court hold a hearing and approve or reject the settlement in this case. Mich. Comp. Laws § 600.2922(5). This Court has jurisdiction to conduct the hearing and to approve or reject the proposed settlement and distribution. *See Robinson v. Fiedler*, 91 F.3d 144, at *3 (6th Cir. 1996) (Table Case) (holding that district court had jurisdiction to approve or reject a wrongful death settlement agreement and to distribute proceeds

---

[1] On April 28, 2014, Plaintiff filed an Amended Motion for Authority to Settle Claim and Distribute Proceeds which failed to attach certain Exhibits and failed to indicate the correct amount of outstanding guardian ad litem fees. (ECF No. 254.) That Amended Motion, which was superseded by the Second Amended Motion that is presently before the Court, is dismissed as MOOT.

under Mich. Comp. Laws § 600.2922(5)-(9) and reviewing the district court's approval under the clearly erroneous standard).

The statute requires that where a settlement is proposed in such an action, the Court shall hold a hearing to approve or reject the proposed settlement and distribution. Sections 2922(5), (6). The statute requires that, unless waived, notice of the hearing on the settlement and distribution shall be served upon all persons entitled to claim damages, as those persons are defined in the statute. Section 2922(6)(b). Plaintiff's counsel, Mr. Robinson, represented to the Court at the approval and distribution hearing on May 30, 2014, that all individuals entitled to claim damages in this matter under the provisions of Mich. Comp. Laws § 600.2922(3) received notice of the motion to be brought before this Court to approve the proposed settlement and distribution of proceeds. No objections to the proposed settlement and distribution were received and none of the eligible individuals appeared before the Court to be heard at the approval and distribution hearing.

The statute requires that all minors or incapacitated persons be appointed a fiduciary or a guardian ad litem. Mich. Comp. Laws § 2922(6)(c). On April 15, 2014, the Court entered a Stipulated Order Appointing James McCann as guardian ad litem for John Fahner's minor child M.M.F. (ECF No. 250.) Plaintiff's Second Amended Motion attaches Mr. McCann's Report which recommends that the Court approve both the proposed amount and method of distribution of the settlement proceeds to the deceased's minor child M.M.F. as set forth in the motion. As discussed *infra,* Mr. McCann appeared at the May 30, 2014 approval and distribution hearing, presented his findings and responded to voir dire by the Court.

Michigan's wrongful death statute "deals with both survivor's and wrongful death actions." *Flores v. Toadvine*, No. 07-11288, 2009 WL 3621112, at *4 (E.D. Mich. Oct. 30, 2009). The statute

requires that the Court shall first order payment from the settlement proceeds of the reasonable medical, funeral and burial expenses of the decedent for which the estate is liable. Section 2922(6)(d). Plaintiff represents in the Motion that all such expenses have been paid in this action. (Mot. ¶ 1.) The statute next requires distribution of the settlement proceeds to the estate for compensation for the decedent's conscious pain and suffering. Section 2922(6)(d). By statute such damages are payable to the estate and thereafter treated as any other asset of the estate, passing according to the will if the decedent died with a will and according to laws of intestate succession if not. *Matter of Thornton*, 192 Mich. App. 709, 715-16 (1992). Here Plaintiff represents, and no evidence has been presented to the contrary, that the deceased, John Fahner, experienced no conscious pain and suffering. (Mot. ¶ 1.) Shirley Fahner, the deceased's mother and the personal representative of the estate, also represented to the Court on voir dire that Mr. Fahner did not have a will.

The statue next requires distribution to the heirs who suffered damages in an amount that the Court "considers fair and equitable." Section 2922(6)(d). "Michigan's wrongful death act, M.C.L. § 600.2922; M.S.A. § 27A.2922, provides the procedure for the trial court to follow in distributing proceeds, but provides little guidance in deciding how to arrive at a distribution that is 'fair and equitable.'" *Claim of Carr*, 189 Mich. App. 234, 237-38 (1991). In considering whether damages for loss of companionship have been distributed in a fair and equitable manner, the Court shall "assess the type of relationship the decedent had with the claimant in terms of objective behavior as indicated by the time and activity shared and the overall characteristics of the relationship" and will affirm the distribution where it is supported by the evidence of the parties' relationships with the decedent. *Carr*, 189 Mich. App. at 239. *See also Brereton v. United States*, 973 F. Supp. 752,

758 (E.D. Mich. 1997) (noting that "[u]nder Michigan law, loss of society and companionship caused by wrongful death compensates survivors 'for the destruction of family relationships that result[ ] when one family member dies'") (quoting *McTaggart v. Lindsey*, 202 Mich. App. 612, 616, 509 N.W.2d 881 (1993), citing *Carr, supra*) (second alteration in original).

Under the proposed distribution, John Fahner's mother Shirley Fahner and his son John Charles Fahner, Jr. each shall receive $80,000. John Fahner's minor daughter, M.M.F. shall receive a distribution of $150,000 in structured payments. Mr. McCann's Report indicates that he interviewed various members of the Fahner family and determined that the amount originally proposed as M.M.F.'s share should be increased by $50,000 and that Dawn Ortiz, M.M.F.'s mother and guardian, should receive an immediate payment of $5,000 in trust for M.M.F. to help with expenses for M.M.F. (Pl.'s Mot. Ex. 2, April 28, 2014 Report of James C. McCann 2-3.) Shirley Fahner, John Fahner's mother and personal representative of the Estate, supported increasing the share of the settlement for M.M.F. and also favored the $5,000 immediate cash payment in trust for M.M.F. to Dawn Ortiz, whom Shirley Fahner believed was in great financial need and also was doing a very good job taking care of M.M.F. *Id*. at 3. In addition to the $5,000 payment for M.M.F.'s immediate needs paid to Ms. Ortiz on M.M.F.'s behalf, M.M.F. will receive an annuity with a current cost of $150,000 as set forth on the attachment to Mr. McCann's Report and as further outlined in the parties' Stipulated Order entered as part of this Opinion and Order. M.M.F. will receive $410 per month beginning July 20, 2014, payable to her mother Dawn Ortiz on her behalf, guaranteed for 7 years or until her 18th birthday. On her 18th birthday (6/21/2021), M.M.F. will receive $4,000 and will receive $25,000 on her 25th birthday (6/21/2028). Beginning on her 18th birthday (6/21/2021), M.M.F. will receive $430 per month for five years. Beginning on August 10,

2021, M.M.F. will receive $10,000 annually, guaranteed for five years, toward an Education Fund. Beginning on December 10, 2021, M.M.F. will receive an additional $10,000 annually, guaranteed for five years, toward an Education Fund. The grandmother and the mother agree that this structure will provide funds for raising M.M.F., for her living expenses when she turns 18 and for college education expenses. *Id*. To fund the annuity, Wayne County shall pay $19,873 to Pacific Life and Annuity Services, Inc. by June 18, 2014 and shall pay $130,127 to Pacific Life and Annuity Services, Inc. by October 31, 2014.

At the May 30, 2014 approval and distribution hearing, the Court did voir dire Mr. Fahner's mother, Shirely Fahner, the Plaintiff and Personal Representative of his Estate, who explained to the Court that, in addition to her and his two children, John Charles Fahner, Jr. and the minor child, M.M.F., Mr. Fahner had remained close to his nine (9) siblings in equal measure, each of whom is proposed to receive a distribution of $5,242.47. M.M.F.'s guardian ad litem, Mr. McCann, informed the Court at the approval and distribution hearing that the amount to be distributed to Mr. Fahner's nine siblings was arrived at following a decision as to the appropriate amounts to be distributed to Mr. Fahner's mother and his two children.

From the settlement proceeds, the Personal Representative of the Estate, Shirley Fahner, shall pay David A. Robinson $46,976.66 as reimbursement for costs advanced in the prosecution of this action and $184,341.11 as attorney's fees for his services in prosecuting this action. The Court notes that Mr. Robinson's former law partner, Racine Miller, had filed a notice of intent to file a lien on any judgment rendered in this action but that notice has since been withdrawn. *See* Notice to Withdraw Notice of Intent to File Lien, ECF No. 259. The parties indicated to the Court at the May 30, 2014 approval and distribution hearing that they are satisfied that the outstanding lien has been

removed.

### III.　CONCLUSION

Having considered the proposed settlement and distribution, having heard evidence in support of the proposed distribution and having considered the relationships among the proposed heirs and the deceased, the Court concludes that the proposed distribution is both fair and equitable and therefore **GRANTS** Plaintiff's Second Amended Motion for Authority to Settle Claim and Distribute Proceeds (ECF No. 256).  The Court further **APPROVES** the proposed settlement and distribution as set forth in the parties Stipulated Order that is entered by the Court and appended to and made a part of this Opinion and Order.  The Court will enter a dismissal of this action upon receipt by the parties of a stipulated order of dismissal as referenced in the attached Stipulated Order.  **IT IS SO ORDERED.**

### STIPULATED ORDER ALLOWING PLAINTIFF'S MOTION FOR AUTHORITY TO SETTLE CLAIM AND DISTRIBUTE PROCEEDS

Upon motion by the Plaintiff hereto, through her attorneys who come before this Honorable Court pursuant to the hearing on the record, and the Court being otherwise fully advised;

1**IT IS HEREBY ORDERED AND ADJUDGED** that Plaintiff's motion be and is hereby granted and further that the proposed settlement in the amount of $600,000.00 paid by Defendants to the Personal Representative of the Estate of John Fahner in exchange for a stipulated order of dismissal, be and is hereby approved.

**IT IS FURTHER ORDERED** that, from the settlement proceeds, Personal Representative, Shirley Fahner shall pay their attorney, David A. Robinson, the sum of $46,976.66, representing

reimbursement for costs advanced and $184,341.11 as attorney fees.

**IT IS FURTHER ORDERED** that the balance of the settlement proceeds (after payment of counsel expenses and fees) shall be distributed by Plaintiff as follows:

| | | |
|---|---|---|
| a) | Shirley Fahner, Mother | $ 80,000.00 |
| b) | Edward Fahner, | $ 5,242.47 |
| c) | Peter Robert Fahner, | $ 5,242.47 |
| d) | Margaret Ann Evans, | $ 5,242.47 |
| e) | Jerome Gerald Fahner, | $ 5,242.47 |
| f) | James Henry Fahner, | $ 5,242.47 |
| g) | Madeline Joann Elaine Fahner, | $ 5,242.47 |
| h) | Theresa Marie Walker, | $ 5,242.47 |
| i) | Rita Elaine Green, | $ 5,242.47 |
| j) | Joseph Anthony Fahner, | $ 5,242.47 |
| k) | John Charles Fahner, Jr., Son | $ 80,000.00 |
| l) | M.M.F., minor, Daughter | $150,000.00 |
| m) | Dawn Ortiz, minor's mother | $ 5,000.00 |
| | TOTAL | $362,182.23 |

The proposed distribution to the minor shall be made by future structure payments as follows:

Benefits for MMF minor,

Beginning on 7/20/2014, $410.00 payable to Dawn Ortiz on behalf of MMF, minor, monthly for 7 years, guaranteed

Beginning on 6/21/2021, $430.00 payable monthly for 5 years, guaranteed

Beginning on 8/10/2021, $10,000.00 payable annually for 5 years, guaranteed

Beginning on 12/10/2021, $10,000.00 payable annually for 5 years, guaranteed

$4,000.00 payable on 6/21/2021, guaranteed

$25,000.00 payable on 6/21/2028, guaranteed

Total annuity cost $150,000.00

$19, 873.00 shall be paid by Wayne County to Pacific Life and Annuity Services, Inc. by June 18, 2014. This payment is for initial funding of the structure.

$130,127.00 shall be paid by Wayne County to Pacific Life and Annuity Services, Inc. by October 31, 2014. This is the final payment due on the structure.

**IT IS FURTHER ORDERED** that the Personal Representative, Shirley Fahner be and is hereby authorized to execute all documents necessary to effectuate the above settlement, including a release agreement and a stipulation to entry of an order of dismissal.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 4, 2014

We stipulate to the entry of the within Order:

___/s/ David A. Robinson_____
DAVID A. ROBINSON (P38754)
Attorneys for Plaintiff

/s/ James M.Surowiec (w/ permission)
James M. Surowiec (P49560)
Attorneys for the Defendants

/s/ Aaron C. Thomas (w/ permission)
Aaron C. Thomas (P55114)
Attorneys for the Defendants

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 4, 2014.

                                          s/Deborah Tofil
                                          Case Manager